IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRISHA YORK, a Washington resident,<br><br>    Plaintiff,<br><br>    vs.<br><br>SCRUBLUNA LLC, a Washington limited liability company, D.B.A. Vif Wine and Coffee<br><br>    Defendant. | NO.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND** |

COMES NOW, Plaintiff, Trisha York, by and through her attorneys, Conrad A. Reynoldson and Michael Terasaki of Washington Civil & Disability Advocate, for her Complaint for Declaratory and Injunctive Relief to state and allege as follows:

**I.     INTRODUCTION**

1.     The Americans with Disabilities Act (the "ADA") and the Washington Law Against Discrimination require places of public accommodation to be accessible to people with disabilities.

2.     A restaurant is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7), and its implementing regulation, 28 C.F.R. § 36.104.

3.     ADA accessibility laws and regulations were enacted into law in 1990, nearly 30

Complaint for Declaratory and Injunctive Relief

Page 1 of 10

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

years ago, to protect civil rights of persons with mobility and other disabilities.

4. Despite Ms. York's requests, Defendant has refused to bring the parking lot into compliance with the ADA standards.

5. Defendant discriminates against individuals with disabilities because Defendant operates a property as a place of public accommodation that does not comply with ADA laws and regulations, and thus Plaintiff brings this action to end the civil rights violations at a place of public accommodation by Defendant against persons with mobility disabilities.

## II.   PARTIES

6. Plaintiff Trisha York is a Washington resident and resides in this district.

7. Ms. York is limited in the major life activity of walking and requires the use of a wheelchair for mobility. Ms. York requires ADA compliant accessible parking to patronize the Vif Wine and Coffee restaurant located at or around 4401 Fremont Ave. N, in Seattle, WA (the "Property").

8. Defendant Scrubluna LLC is a Washington limited liability company operating a restaurant under the business name Vif Wine and Coffee at the Property.

## III.   JURISDICTION AND VENUE

9. This court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the United States.

10. This court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4), which gives district courts jurisdiction over actions to secure civil rights under Acts of Congress.

11. This court has jurisdiction pursuant to 28 U.S.C. § 1367, which gives district courts supplemental jurisdiction over state law claims.

Complaint for Declaratory and Injunctive Relief

Page 2 of 10

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

12. Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because the practices and procedures that gave rise to Plaintiff's Complaint for Injunctive Relief and Damages occur in this district and Defendant's Property lies within this district.

### IV.   FACTUAL ALLEGATIONS

13. The ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability," and prohibits places of public accommodation from providing separate or unequal benefits and services to individuals with disabilities.

14. Defendant's property is one example of countless places of public accommodation that are difficult or dangerous to access due to substantial and numerous compliance issues with the ADA, despite decades of notice to property owners.

15. The findings and purpose section of the original ADA, 42 U.S.C. § 12101, states that, "...individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, [and] the discriminatory effects of architectural, transportation, and communication barriers…."

16. Thus, Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

<u>Plaintiff</u>

17. Ms. York is a Seattle, Washington resident who lives near Defendant's property and travels throughout the Seattle area on a regular basis.  Plaintiff has patronized the Property

Complaint for Declaratory and Injunctive Relief

Page 3 of 10

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

several times, most recently on October 15, 2019.

18. Ms. York is limited in the major life activity of walking and requires the use of a wheelchair for mobility and is thus a person with a disability within the meaning of Title III of the ADA and the Washington Law Against Discrimination.

19. Ms. York informed the Vif Wine and Coffee staff that the accessible parking space was not ADA compliant and requested the accessible parking space be corrected, but Vif Wine and Coffee refused.

20. Ms. York will return to the Property once accessibility barriers are addressed.

### Defendant's Property

21. Ms. York used her wheelchair, albeit with difficulty and at personal risk due to existing accessibility barriers, to visit the Property.

22. Ms. York does not feel safe accessing the property as is due to the current accessibility barriers.

23. Defendant's Property does not comply with the ADA's accessibility laws and regulations under the 1991 ADA Standards for Accessible Design ("1991 Standards") and the 2010 ADA Standards for Accessible Design ("2010 Standards").

24. Accessible parking spots at the Property do not meet either the 1991 Standards or the 2010 Standards.

25. At Defendant's parking lot at the Property, there are at less than 25 parking spaces.

26. Thus, Defendant's Property must include at least one (1) accessible parking space and that parking space must be a "van-accessible" parking space. § 208.2 of the 2010 Standards and § 4.1.2 of the 1991 Standards.

Complaint for Declaratory and Injunctive Relief

Page 4 of 10

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

27. Slope of accessible parking spaces must be no greater than 1:48 (approximately 2%) in any direction and must adjoin the accessible route.  §§ 502.3-502.4 of the 2010 Standards and § 4.3.6 of the 1991 Standards.

28. The slope within the accessible parking spot at the Property exceeds 1:48.

29. Van accessible parking spaces shall be 132 inches wide and served by an access aisle of 60 inches, or 96 inches wide and served by an access aisle of 96 inches. § 502.2 of the 2010 Standards and §§ 4.1.2(5)(b) and 4.3.6 of the 1991 Standards.

30. Access aisles must be marked so as to discourage parking and adjoin the accessible route.  §§ 502.3 and 502.3.3 of the 2010 Standards.

31. The parking lot at Defendant's Property does not have a properly sized and marked van-accessible parking space and no access aisle is present at all.

32. Ms. York requires compliant accessible parking and compliant accessible routes in order to safely patronize Defendant's property using her wheelchair.

33. Defendant's property is not safe and is not welcoming for people who use wheelchairs because it does not comply with the ADA's accessibility laws and regulations.

34. The failure of Scrubluna LLC to make the property comply with the ADA's accessibility laws and regulations works to exclude people with disabilities from equal access to and enjoyment of the Property.

## V.   FIRST CAUSE OF ACTION
### Title III of the Americans with Disabilities Act of 1990
### 42 U.S.C. § 12101 *et seq.*

35. Ms. York incorporates by reference the allegations in the paragraphs above.

36. Ms. York is limited in the major life activity of walking and is thus an individual with a disability within the meaning of Title III of the ADA.

Complaint for Declaratory and Injunctive Relief

Page 5 of 10

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

37. Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

38. Defendant Scrubluna LLC leases and operates the property where the Chevron station is located.

39. Vif Wine and Coffee is a restaurant and therefore a place of public accommodation. 42 U.S.C. § 12181(7).

40. Defendant has discriminated against Plaintiff on the basis of her disability.

41. Defendant's discriminatory conduct includes but is not limited to:

   a. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

   b. Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

   c. Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations to individuals with disabilities;

   d. Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs;

   e. Failing to remove barriers to individuals with disabilities where it would

Complaint for Declaratory and Injunctive Relief

Page 6 of 10

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

be readily achievable to do so.

42. As such, Defendant discriminates and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities at Defendant's property in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

43. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief has harmed Ms. York, and the harm continues.

44. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief entitles Ms. York to declaratory and injunctive relief. 42 U.S.C. § 12188.

45. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief entitles Ms. York to recover reasonable attorneys' fees and costs incurred in bringing this action. 42 U.S.C. § 12205.

## VI.   SECOND CAUSE OF ACTION
### Violation of the Washington Law Against Discrimination
### (R.C.W. §§ 49.60.010 et seq.)

46. Ms. York incorporates by reference the allegations in the paragraphs above.

47. Ms. York is an individual with a disability within the meaning of the Washington Law Against Discrimination.

48. Under § 49.60.030(1) of the Revised Code of Washington provides in pertinent part: "The right to be free from discrimination because of . . . the presence of any sensory, mental, or physical disability . . . is recognized as and declared to be a civil right.  This right shall include, but not be limited to: . . . (b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort,

Complaint for Declaratory and Injunctive Relief

Page 7 of 10

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

accommodation, assemblage, or amusement . . . "

49. Defendant has violated and continues to violate §§ 49.60.010 *et seq.* of the Revised Code of Washington by violating multiple accessibility requirements under the ADA.

50. Defendant's actions constitute discrimination against persons with disabilities and violate the Washington Law Against Discrimination, Revised Code of Washington § 49.60.010 et seq., in that persons with mobility disabilities have been and are still denied full and equal enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant provides to individuals who do not have disabilities.

51. As a direct and proximate result of Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief, Ms. York has suffered and continues to suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to correctly remediate the Property.

52. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief has denied Ms. York the full and equal enjoyment of services that the Washington Law Against Discrimination requires.

53. Ms. York has a clear legal right to access the tenants of Defendant's Property under the Washington Law Against Discrimination.

54. Ms. York has the right for Defendant's property to comply with the ADA's accessibility laws and regulations under the Washington Law Against Discrimination.

55. Defendant's property does not comply with ADA accessibility laws and regulations.

56. Because Defendant's property does not comply with the ADA's accessibility laws and regulations, declaratory and injunctive relief are appropriate remedies under the Washington

Complaint for Declaratory and Injunctive Relief

Page 8 of 10

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

Law Against Discrimination. *See e.g. Kucera v. Dep't of Transp.*, 140 Wash. 2d 200, 209 (2000).

57. Pursuant to RCW § 49.60.030(2), Ms. York is entitled to declaratory and injunctive relief and to recover from Defendant her reasonable attorneys' fees and costs incurred in bringing this action.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Ms. York respectfully requests that this Court:

1. Assume jurisdiction over this action;

2. Find and declare Defendant Scrubluna, LLC to be in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. and the Washington Law Against Discrimination, Wash. Rev. Code §§ 49.60.010 et seq. because Defendant's Property does not comply with the ADA's accessibility laws and regulations;

3. Issue a permanent injunction ordering Defendant to immediately implement the necessary improvements to bring the Defendant's property into compliance with the ADA's accessibility laws and regulations;

4. Award Ms. York reasonable attorneys' fees and costs as authorized by 42 U.S.C. § 12205 and Wash. Rev. Code § 49.60.030(2);

5. Award actual, compensatory, and/or statutory damages to Ms. York for violations of her civil rights as allowed under state and federal law;

6. Award such additional or alternative relief as may be just, proper, and equitable.

DATED THIS 20th day of December, 2019

Complaint for Declaratory and Injunctive Relief

Page 9 of 10

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1  By:

2

3  *s/ Conrad Reynoldson*
   Conrad Reynoldson
   WSBA# 48187
4  conrad@wacda.com
   (206) 876-8515

5
   *s/ Michael Terasaki*
6  Michael Terasaki
   WSBA# 51923
7  terasaki@wacda.com
   (206) 971-1124

8
   WASHINGTON CIVIL & DISABILITY ADVOCATE
9  4115 ROOSEVELT WAY NE, SUITE B, SEATTLE, WA 98105
   *Attorneys for Plaintiff Trisha York*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Complaint for Declaratory and Injunctive Relief

Page 10 of 10

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558